```
 1 | McGREGOR W. SCOTT
   | United States Attorney
 2 | RUSSELL L. CARLBERG
   | Assistant U.S. Attorney
 3 | 501 I Street, Suite 10-100
   | Sacramento, California  95814
 4 | Telephone:  (916) 554-2748
 5 |
 6 |
 7 |
 8 |        IN THE UNITED STATES DISTRICT COURT FOR THE
 9 |              EASTERN DISTRICT OF CALIFORNIA
10 |
11 | UNITED STATES OF AMERICA,     ) 2:08-cr-00376-EJG
                                   )
12 |        Plaintiff,              ) APPLICATION and ORDER
                                   ) REGARDING CRIMINAL FORFEITURE
13 |   v.                           ) OF PROPERTY IN GOVERNMENT
                                   ) CUSTODY - 18 U.S.C. §
14 | GARRET GRIFFITH GILILLAND III, ) 983(a)(3)(B)(ii)(II)
   | and NICOLE MAGPUSAO,           )
15 |                                )
   |        Defendants.             )
16 | _____)
17 |
```


FILED
DEC 19 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

18    The United States of America, through its counsel, hereby
19 moves for an order allowing the government to maintain custody of
20 property already in the government's possession pending the
21 resolution of a criminal forfeiture matter.  The grounds for the
22 motion are as follows:
23    On or about June 25, 2008, law enforcement officers in Butte
24 County and agents with the Federal Bureau of Investigation
25 executed a Federal search warrant at a residence located at 824
26 Whispering Winds Lane, Chico, California.  The officers seized
27 the following during the execution of the Federal search warrant:
28    a)   Approximately $28,900 in U.S. Currency.

|  |  |
|---|---|
| 1 | Following the execution of the search warrant, it was |
| 2 | learned that Gililland fled to Europe. In October 2008, a source |
| 3 | in Spain revealed that he was supposed to receive a package for |
| 4 | Gililland. On or about October 10, 2008, FBI agents contacted |
| 5 | the FedEx Kinko's Office and Print Services located at 5600 J |
| 6 | Street, Sacramento, California regarding a package that was being |
| 7 | shipped to Gililland through the source in Spain. Pursuant to |
| 8 | FedEx' policy, a FedEx employee was allowed to retrieve the |
| 9 | package and open it. Inside the package was $20,000 in cash that |
| 10 | was being smuggled to Gililland. The FBI agent seized the |
| 11 | following: |
| 12 | b) Approximately $20,000 in U.S. Currency. |
| 13 | Hereinafter, the above-referenced assets are referred to as the |
| 14 | "seized assets". |
| 15 | On October 29, 2008, the Grand Jury returned a Superseding |
| 16 | Indictment containing forfeiture allegations that include the |
| 17 | seized assets. The Superseding Indictment alleges that the |
| 18 | seized assets are subject to forfeiture pursuant to 18 U.S.C. § |
| 19 | 982(a)(1), 28 U.S.C. § 2461(c) and 31 U.S.C. § 5332(b)(2). |
| 20 | Title 18 U.S.C. § 982(b)(1), Title 28 U.S.C. § 2461(c) and |
| 21 | Title 31 U.S.C. § 5332(b)(3) incorporate the forfeiture |
| 22 | procedures set forth in 21 U.S.C. § 853. That statute provides |
| 23 | several methods for preserving property for the purpose of |
| 24 | criminal forfeiture. One such provision authorizes a court upon |
| 25 | the filing of an indictment charging an offense for which |
| 26 | forfeiture may be ordered and alleging that specific property |
| 27 | would, in the event of conviction, be subject to forfeiture to |
| 28 | "take any other action to preserve the availability" of such |

property. See 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered ex parte. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States. See, e.g., United States v. Jamieson, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be ex parte and based on grand jury's finding of probable cause).

The government contends here that the "take any other action to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the assets pursuant to a Federal search warrant, and the policies in place at FedEx Kinko, and the government seeks to continue to maintain custody of such assets pending further criminal forfeiture proceedings. Accordingly, pursuant to Section 853(e)(1)(A) of Title 21, the United States respectfully moves this court to issue an ex parte order based on the grand jury's finding of probable cause that directs the United States may maintain custody of the seized assets through the conclusion of the pending criminal case.

DATED: 12/14/2008          McGREGOR W. SCOTT
                           United States Attorney


                           /s/ Russell L. Carlberg
                           RUSSELL L. CARLBERG
                           Assistant U.S. Attorney

///

///

///

| | |
|---|---|
| 1 | **ORDER** |
| 2 | This matter comes before the Court on the motion of the |
| 3 | United States for an Order authorizing the government and its |
| 4 | agencies to maintain custody of certain property pending the |
| 5 | conclusion of the pending criminal case. For the reasons |
| 6 | provided in the government's motion, the Court makes the |
| 7 | following orders: |
| 8 | IT IS HEREBY ORDERED, that the United States and its |
| 9 | agencies, including the Federal Bureau of Investigation, are |
| 10 | authorized to maintain and preserve the following assets until |
| 11 | the conclusion of the instant criminal case, or pending further |
| 12 | Order of this Court: |
| 13 | a) Approximately $28,900 in U.S. Currency; and |
| 14 | b) Approximately $20,000 in U.S. Currency. |
| 15 | IT IS SO ORDERED. |
| 16 | DATED: 12/19/08 |
| 17 | EDWARD J. GARCIA<br>UNITED STATES DISTRICT JUDGE |