IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,   CR. NO. S-08-0376 EJG (GGH)

    vs.   ORDER [1]

GARRETT GILILLAND, NICOLE MAGPUSAO,

        Defendants.
_____/

Krista Hart, a member of the CJA Panel for the Eastern District of California has made four requests in the above referenced case:

1. That she be appointed pursuant to 18 U.S.C. § 3006A;

2. That she be permitted to travel to Spain in order to consult with her client, and for other purposes;

3. That she be permitted to travel on any airplane in which her prospective client is returned to the United States either voluntarily or after extradition from Spain so that she can monitor the

---

[1] The undersigned has filed this order in the court's public docket. Care has been taken not to communicate herein any information which might be deemed sensitive information with respect to attorney work product, including future plans and efforts.

1

1 actions of law enforcement officials;

2 4. That an investigator be authorized to conduct an immediate investigation into the possibility of

3 release on conditions so that an adequate argument can be made for pre-trial release.

4 The above requests were referred to the undersigned for resolution by the trial judge, the

5 Honorable Edward J. Garcia.

6       The Federal Defender has forwarded Ms. Hart's request to be appointed counsel

7 as is the policy in this district. An indictment has been filed charging the defendant, Nichole

8 Magpusao, with a felony. The court temporarily assumes that the named defendant has requested

9 appointed counsel and that she qualifies for counsel, although that information has not been

10 submitted. Therefore, Ms. Hart shall be conditionally appointed counsel. Ms. Hart shall ensure

11 that a financial affidavit signed by the defendant demonstrating financial qualification shall be

12 submitted as soon as practicable. In the event Ms. Magpusao does not qualify for appointed

13 counsel, she may be subject to a reimbursement of fees and expenses order.[2]

14       The general rule for review of counsel requests for approval of expenses not

15 involving attorneys' fees themselves is whether a reasonably competent retained counsel would

16 expend the requested monies for the defense of his client, and that the client would be prejudiced

17 if such monies were not authorized. United States v. Fields, 722 F.2d 549, 551 (9th Cir. 1983).

18 "Reasonably competent counsel" is not measured by whatever a well heeled client might

19 authorize to be done, cost being no object. *Cf* Slawek v. United States, 413 F.2d 957, 960 (8th

20 Cir.1969) (refusing to pay for certain subpoenas).

21       Counsel's request for travel authorization to Spain so that she may consult with

22 her client, and her client's Spanish extradition counsel, is denied. Although personal contact

23 with one's client may be deemed better than other forms of communication, the expense of the

---

[2] The defendant is currently residing in Spain, and has been contesting extradition proceedings. Her financial ability to reside in that country raises some questions about her financial eligibility.

requested trip (including the fees which would be generated during travel time) outweighs any benefit to communication which could not be realized at this point through technological means such as telephone, e-mail or even video-conference. The same can be said for consultation with the Spanish attorney who could probably arrange for a client/attorney video- conference. See generally United States v. Mateos-Sanchez, 864 F.2d 232 (1st Cir. 1988) (counsel not authorized to go to Spain to interview witnesses absent a strong showing that the witnesses would be pivotal to the defense); United States v. Mundt, 508 F.2d 904 (10th Cir. 1974) (no error in refusing to fund an investigator to travel to Peru absent strong showing of necessity for the trip). Put simply, defendant's counsel has not shown a strong necessity to travel to Spain, nor demonstrated that she would be significantly prejudiced by the lack of an in-person series of consultations in Spain.

Counsel would also like an order that she is entitled to ride back on the airplane with defendant, if and when she is extradited, in order to monitor the actions of law enforcement personnel assigned to accompany defendant back to the United States. The undersigned knows of no authority requiring such monitoring, and can think of many reasons why it would not be wise to order law enforcement traveling companions. If counsel is concerned that her client will be compelled to unknowingly waive her Fifth/ Sixth Amendment rights, she may electronically communicate the concern to her client. If United States' law enforcement personnel act improperly in acquiring information from counsel's client during compelled return to the United States, and the court so finds, the remedies for improper information acquisition are well established.

Finally, counsel has requested funds to hire an investigator to prepare for the inevitable detention hearing should defendant return or be returned to the United States. Fact gathering is initially performed by the court agency, pretrial services. This agency does not act on behalf of any party to a criminal litigation, but performs its services for the court in an impartial manner. Thus, counsel's request is premature at this point, as it probably will be duplicative of the efforts of pretrial services. However, should it appear later that counsel has a

bona fide need for follow-up, this present denial is without prejudice to a later order of the court. Moreover, the undersigned orders that this present denial does not preclude counsel from herself authorizing investigative services in an amount of $500.00 or less. 18 U.S.C. § 3006A (e)(2).

*Conclusion*

Ms. Hart is conditionally appointed CJA counsel for defendant Magpuaso. The requests for counsel to travel to Spain, and to accompany her client and law enforcement on any aircraft returning defendant to the United States, are denied. The request for authorization to retain an investigator for detention hearing purposes is denied without prejudice, and also without prejudice to act pursuant to 18 U.S.C. § 3006A (e)(2).

The Clerk shall electronically serve this order on Ms. Hart at her current CM/ECF e-mail address, and shall serve the Federal Defender.

DATED: 10/15/09

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
magpusao.ord