```
 1 | BENJAMIN B. WAGNER
   | United States Attorney
 2 | RUSSELL L. CARLBERG
   | Assistant U.S. Attorney
 3 | 501 I Street, Suite 10-100
   | Sacramento, California  95814
 4 | Telephone: (916) 554-2748
```



**FILED**

MAY 3 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )  CR. S-08-376 EJG
                                    )
            Plaintiff,              )  [PROPOSED] SUMMARY
                                    )  JUDGMENT OF DECISION
      v.                            )
                                    )
GARRET GRIFFITH GILILLAND III,      )
NICOLE MAGPUSAO,                    )
                                    )
            Defendants.             )
_____)

This defendants' motions (1) to dismiss the indictment and (2) to suppress testimony of Anthony Symmes came regularly before the Court on April 22, 2011.  Assistant United States Attorney Russell L. Carlberg appeared for the United States.  Scott Tedmon, Esq., appeared for defendant Gililland.  Krista Hart, Esq., appeared for defendant Magpusao.  For the reasons stated in the attached transcript of the April 22 proceedings, the defendants' motions are **DENIED**.

**IT IS SO ORDERED**

Date:  5/3/11                    _____
                                 EDWARD J. GARCIA
                                 United States District Court Judge

1

```
 1              UNITED STATES DISTRICT COURT
 2            EASTERN DISTRICT OF CALIFORNIA
 3                       ---oOo---
 4
 5   THE UNITED STATES OF AMERICA,     )
                                       )No. 2:08cr-376
 6                    Plaintiff,       )
            vs.                        )
 7                                     )
                                       )
 8   GARRET GRIFFITH GILILLAND, III,   )
     and                               )
 9   NICOLE MAGPUSAO,                  )
                                       )
10                    Defendants.      )
                                       )
11  ─────────────────────────────────
12
13                       ---oOo---
14
15      BEFORE THE HONORABLE EDWARD J. GARCIA, JUDGE OF THE
16   UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF
17   CALIFORNIA, AND ON APRIL 22, 2011.
18
19           REPORTER'S TRANSCRIPT OF PROCEEDINGS
20            MOTION TO DISMISS THE INDICTMENT
21
22                       --oOo--
23
24   REPORTED BY:           LISA MARIE USSERY
                            CSR NO. 11534
25
```

```
 1                    A P P E A R A N C E S
 2                         ---oOo---
 3
 4    FOR THE PLAINTIFF:        BENJAMIN WAGNER
 5                              UNITED STATES ATTORNEY
 6                              501 I STREET, Suite 10-100
 7                              Sacramento, California
 8                              BY:  RUSSELL CARLBERG, DUSA
 9
10
11    FOR THE DEFENDANT:        LAW OFFICE OF SCOTT TEDMON
      (Garret Gililland)
12                              1050 Fulton Avenue, Suite 218
13                              Sacramento, California 95825
      
14                              BY:  SCOTT TEDMON, ESQ.
15
16
17    FOR THE DEFENDANT:        LAW OFFICE OF KRISTA HART
      (Nicole Magpusao)
18                              P.O. Box 188794
19                              Sacramento, California 95818
20                              BY:  KRISTA HART, ESQ.
21                         ---oOo---
22
23
24
25
```

|   |   |
|---|---|
| 1 | APRIL 22, 2011, AT THE HOUR OF 11:00 A.M. |
| 2 | BEFORE THE HONORABLE EDWARD J. GARCIA |
| 3 | ---o0o--- |
| 4 | THE CLERK: Calling CRS-08-376, United States |
| 5 | versus Garret Griffith Gililland and Nicole Magpusao. |
| 6 | MR. CARLBERG: Your Honor, Good morning. |
| 7 | Russell Carlberg for the United States. |
| 8 | THE COURT: Mr. Carlberg. |
| 9 | MS. HART: Good morning, Your Honor. Krista |
| 10 | Hart on behalf of Miss Magpusao who is present in |
| 11 | custody. |
| 12 | THE COURT: Miss Hart. |
| 13 | MR. TEDMON: Good morning, Your Honor. Scott |
| 14 | Tedmon representing Garret Gililland who is present in |
| 15 | custody. |
| 16 | THE COURT: Mr. Tedmon. |
| 17 | This matter is on calendar today on defendants' |
| 18 | Gililland and Magpusao motion to dismiss the indictment. |
| 19 | I have read the briefs and reviewed the record, including |
| 20 | the transcripts of the January 2011 hearing, in which |
| 21 | these same defendants moved to disqualify counsel from |
| 22 | representing another defendant, Anthony Symmes, in a |
| 23 | related indictment. |
| 24 | Do defense counsel have anything they wish to |
| 25 | add in connection with their motions, or anything they |

```
 1    wish to emphasize?
 2            MS. HART:  No, Your Honor.  We are prepared to
 3    submit it on the briefs.
 4            THE COURT:  Mr. Tedmon.
 5            MR. TEDMON:  That's correct, Your Honor.  We are
 6    prepared to submit on the briefs.  It's been fully
 7    exhausted in the briefs.
 8            THE COURT:  Mr. Carlberg, if you submit the
 9    motion, I am going to deny it.
10            MR. CARLBERG:  I am going to submit it, Your
11    Honor.
12            THE COURT:  The motion will be denied.
13    Defendants have failed to demonstrate a basis for either
14    dismissal of the indictment or suppression of the
15    information obtained from defendant Symmes.  Apparently
16    buoyed by this Court's January 2011 ruling, in which it
17    found a conflict of interest precluded Attorney Chris
18    Wing from the continued representation of defendant
19    Symmes in a related case, defendants Gililland and
20    Magpusao have upped the ante.
21            Now, seeking to dismiss the indictment against
22    them, contending that Wing's successive representation of
23    Symmes deprived them of their rights to conflict-free
24    counsel and due process, defendants argue prejudice must
25    be presumed and that nothing short of a dismissal of the
```

4

DIAMOND COURT REPORTERS 916-498-9288

1  indictment will right the wrong.

         2          First of all, let's get the facts straight.  The
         3  Court found that Attorney Wing consulted with and was
         4  ultimately retained to represent defendant Magpusao
         5  following the 90-minute meet and greet on June 26, 2008.
         6  Mr. Wing's representation consisted of, one, sitting in
         7  on a meeting with attorney Jules Bonjour and defendants
         8  Gililland and Magpusao; two, making a phone call to the
         9  government; three, reviewing a search warrant; and four,
        10  forwarding an e-mail from defendant Gililland to Attorney
        11  Bonjour.

        12          Within two weeks, the representation ended, when
        13  defendants hired another attorney.  Based on these facts
        14  and current case law, the Court disqualified Mr. Wing
        15  from further representation of the defendant Symmes.
        16  Specifically, the Court stated that an attorney must be
        17  disqualified on conflict-of-interest grounds if the
        18  attorney meets with the client under circumstances in
        19  which confidential information would likely be disclosed,
        20  and the attorney subsequently represented an adverse
        21  client in a substantially related matter.

        22          Citing the Supreme Court Glasser and Sullivan
        23  cases, defendants now contend that this conflict of
        24  interest is too glaring and too significant to require
        25  them to provide any evidence that they were harmed.

1   Defendants are mistaken. They ask too much.

2         Defendants interpretation of Glasser and
3 Sullivan leaves out an important step. Those cases stand
4 for the proposition that a defendant who shows an actual
5 conflict exists, which adversely affected counsel's
6 performance, need not show prejudice. Thus a defendant
7 who shows that a conflict of interest actually affected
8 the adequacy of representation need not demonstrate
9 prejudice in order to obtain relief.

10         Here, while the Court found that Mr. Wing's
11 successive representation was a conflict of interest, the
12 issue was addressed pretrial. And the remedy has already
13 occurred. Defendants have new counsel. And Mr. Wing is
14 no longer representing anyone in the related case. In
15 addition, Mr. Wing denies obtaining any confidential
16 information during his brief period of representation of
17 the defendant Magpusao. And the declaration of Attorney
18 Bonjour bears him out.

19         Defendants' claim of prejudice is, as the
20 government notes, sheer speculation. And in certain
21 respects it's pure fantasy. Defendants' statement that
22 they may have garnered cooperation agreements from the
23 government but for Mr. Wing's errors, is belied by their
24 conduct. If it is cooperation they wanted, they picked a
25 strange way of demonstrating it; by becoming fugitives from [EJG]

6

1  justice and forcing the government to engage in
 2  extradition proceedings from a foreign country.
 3       In sum, defendants have not demonstrated that
 4  the adequacy of the representation has been affected.
 5  Accordingly, the motion to dismiss the indictment is
 6  denied; as is the alternative remedy of striking
 7  statements of defendant Symmes.  I will not, however,
 8  make the affirmative finding that the government
 9  requests, except to note that to the extent the
10  defendants make a passing reference to a possible
11  subconscious relaying of information from Mr. Wing to
12  Mr. Carlberg, there is absolutely no evidence of
13  government misconduct.
14       I'll ask the government to prepare a proposed
15  summary order of denial of the defendants' motion.  And
16  you might attach a reporter's transcript, Mr. Carlberg,
17  of the Court's bench decision.
18       MR. CARLBERG:  I will do that, Your Honor.
19       THE COURT:  If you get the transcript in time,
20  could you do that within ten days, please?
21       MR. CARLBERG:  The order, yes, Your Honor.
22       THE COURT:  This case is set for jury trial on
23  September 12, 2011, with a trial confirmation hearing of
24  August 26th.  We also set a motion schedule, which all
25  parties agreed to, to be filed today.  Hearing on these

7

1  motions are scheduled to be heard June 10th.
2      I haven't read them, but I understand the
3  motions have been filed, Mr. Tedmon?
4      MR. TEDMON: Some motions have been filed
5  yesterday. There will be some more today.
6      THE COURT: Also, I have declared this a   EJC
7  complex case, with agreement of all parties, and because
8  the schedule of a trial with so many defendants is
9  difficult, please do not expect to continue -- please do
10 not expect to continue any dates we have now already
11 agreed to.
12     I mention this, Mr. Tedmon, because as defense
13 spokesperson, you may advise co-counsel when you meet
14 next.
15     MR. TEDMON: Your Honor, what I'll do is I'll do
16 it a step better. I will send an e-mail to all counsel
17 relaying the Court's admonishment.
18     THE COURT: I appreciate that.
19     Anything further, Mr. Carlberg?
20     MR. CARLBERG: No, Your Honor. Thank you.
21     THE COURT: Miss Hart?
22     MS. HART: No, Your Honor.
23     THE COURT: Mr. Tedmon?
24     MS. HART: No, Your Honor.
25     THE COURT: All right. Thank you, Counsel.

```
 1   Defendants are remanded.
 2          (Whereupon, the proceedings were concluded.)
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

9

```
 1                    REPORTER'S CERTIFICATE
 2

 3    STATE OF CALIFORNIA    )
                             ) ss.
 4    COUNTY OF SACRAMENTO   )

 5

 6         I, LISA MARIE USSERY, CSR, hereby certify that I was

 7    duly appointed and qualified to take the foregoing

 8    matter;

 9         That acting as such reporter, I took down in

10    stenotype notes the testimony given and proceedings had;

11         That I thereafter transcribed said shorthand notes

12    into typewritten longhand, the above and foregoing pages

13    being a full true and correct transcription of the

14    testimony given and proceedings had.

15

16

17

18

19

20                            _____

21                            LISA MARIE USSERY, CSR
                              License No. 11534
22

23

24

25

                                                             10
```